UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELMER KELLAR** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| **UNION PACIFIC** | * | **DIVISION:** |
| **RAILROAD COMPANY** | * | |
| ************************************* | | **TRIAL BY JURY** |

**COMPLAINT FOR DAMAGES PURSUANT TO
THE FEDERAL EMPLOYER'S LIABILITY ACT, 45 U.S.C. § 51,** *et seq.*

**MAY IT PLEASE THE COURT:**

NOW COMES, through his undersigned counsel, the Plaintiff, Elmer Kellar, a person of the full age of majority residing and domiciled in the Parish of Pointe Coupee State of Louisiana who respectfully pleads the following:

1. This Honorable Court possesses federal question subject matter jurisdiction over this civil action arising under the provisions of the Federal Employer's Liability Act ["FELA"], 45 U.S.C. § 51, *et seq.* and the Hours-of-Service Law ["HOS"], 49 U.S.C. § 21101, *et seq.* also codified as Public Law 110-432 110th Congress, Section 108(b) of the Railroad Safety Improvement Act of 2008 ["RSIA"].

2. Defendant, the Union Pacific Railroad Company [hereinafter "Union Pacific"], domiciled in Delaware, and headquartered in Omaha, Nebraska engages in interstate commerce as a common carrier by railroad and owns, operates, and maintains equipment, mainline railroad tracks, and a railroad switching yard in Livonia, Louisiana.

3.     Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(d) as the Defendant, Union Pacific, owns, operates, and maintains equipment, mainline railroad tracks, and a railroad switching yard in the Eastern District of Louisiana and within Jefferson Parish sufficient to subject the Defendant to personal jurisdiction in this district court.

4.     This is an action arising under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, commonly referred to as FELA, to recover damages for personal injuries sustained by Union Pacific's employee, the Plaintiff, as a direct result of the negligence of Union Pacific.

5.     Defendant, Union Pacific, is liable unto Plaintiff, Elmer Kellar, for all of the damages he sustained, as well as all general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for all costs of these proceedings for the following reasons to-wit:

6.     On the date of January 17, 2021 and during the preceding calendar month(s), Union Pacific consistently and regularly employed and kept under its control the Plaintiff as an Hours-of-Service Carman Utility-Employee performing duties on its behalf in Union Pacific's Livonia Yard.

7.     Upon information and belief, during Plaintiff's shift ending on January 17, 2021, Union Pacific, in the course of its employment of Plaintiff, forced him to work in excess of the maximum allowance of 12 consecutive hours in violation of the HOS and RSIA.

8.     Upon information and belief, on the date of January 17, 2021 and during the preceding days, Union Pacific, in the course of its employment of Plaintiff, failed to allow him the minimum of 10 consecutive hours off duty during those 24-hour periods before reporting to work in violation of the HOS and RSIA.

9.      Upon information and belief, on the date of January 17, 2021 and during the calendar month preceding, Union Pacific, in the course of its employment of Plaintiff, on multiple occasions failed to allow him the 48 consecutive hours off duty after he initiated an on-duty period each day for six consecutive days in violation of the HOS and RSIA.

10.     Upon information and belief, during the month of January 2021 and the preceding calendar months, Union Pacific, in the course of its employment of Plaintiff, forced him to exceed the maximum of 267 hours during those months in violation of the HOS and RSIA.

11.     Plaintiff states that at the time of his injury on January 17, 2021, he was an able-bodied railroad worker, and that the negligence of Defendant, Union Pacific, in failing to provide a reasonably safe workplace in combination with its violations of the HOS and RSIA in the course of its employment of Plaintiff, directly caused, in whole or in part, Plaintiff's fatigue, incapacity, and unconsciousness minutes after driving away from Union Pacific's property.

12.     Plaintiff specifically pleads that his fatigue, incapacity, and unconsciousness caused his vehicle to leave the roadway of Louisiana Highway 77 where his vehicle collided violently with large roadside farm equipment.

13.     Furthermore, due to Defendant Union Pacific's negligence and statutory violations, Plaintiff has suffered an open fracture and reconstruction of his left forearm, fractured vertebrae in his spine, undergone facial reconstructive surgery to stabilize open fractures to his face, orbital area, and nose, and he experiences continued severe physical and mental pain, directly causing economic loss for lost wages past and future, fringe benefits, and unpaid past and future medical expenses for which he demands recovery.  These past and future medical expenses and treatment have and will be incurred for additional IV antibiotic therapies and surgical procedures to treat a staphylococcus/MRSA bacterial infection in Plaintiff's left arm.  Finally, Plaintiff specifically

pleads that the events giving rise to the claim and Defendant's negligence and statutory violations have resulted in a traumatic brain injury and cognitive deficits, the severity of which are not fully known at this time.

14. Plaintiff further avers that Defendant, Union Pacific, through their agents, servants, and employees recklessly, negligently, and/or carelessly failed to provide him with a reasonably safe place to work in violation of the provisions of FELA, 45 U.S.C. § 51, *et seq.*, thereby causing and/or contributing to the aforementioned accident; and the negligence and violations by Union Pacific include, but are not limited to the following acts to-wit:

- A. In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to provide Plaintiff with a reasonably safe place to work;
- B. In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to provide Plaintiff with proper assistance to perform his duties;
- C. In that Union Pacific violated its own safety, operating, and training rules;
- D. In that the Union Pacific violated the provisions of the HOS and RSIA as specifically stated in addition to violating the regulatory provisions in 49 C.F.R. Part 228, all of which were enacted for the purpose of promoting railroad employee safety resulting in strict liability under FELA pursuant to 45 U.S.C § 53.
- E. In that UP failed to exercise due care and caution commensurate with the surrounding circumstances; and
- F. Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter.

15. Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages suffered for which he seeks recovery:

    A. Physical Pain and Suffering, Past and Future;

    B. Mental Pain and Suffering, Past and Future;

    C. Permanent Disability;

    D. Loss of Enjoyment of Life;

    E. Past Lost Wages;

    F. Future Lost Earning Capacity and Fringe Benefits;

    G. Unpaid Past and Future Medical Expenses;

    H. Future Life Care Needs and Medical Expenses for Remainder of Life Expectancy, if necessary.

16. Plaintiff reserves the right to supplement and amend this Complaint, as additional facts become known to him.

17. Plaintiff is entitled to and demands a trial by jury.

WHEREFORE, Plaintiff, Elmer Kellar, prays that Defendant, Union Pacific Railroad Company, be duly served with a copy of this Complaint and summoned to appear and answer same and after due proceedings are held there be Judgment granted herein in favor of Plaintiff, Elmer Kellar, and against Defendant, Union Pacific Railroad Company, for all sums reasonable in the premises, together with legal interest thereon from the date of judgment, until paid, for all costs of these proceedings and for all general and equitable relief.

    Signed this 5th day of November 2021

    Respectfully Submitted,

    */s/  Joseph M. Miller*
    JOSEPH M. MILLER #30636
    BENJAMIN B. SAUNDERS #11733
    **DAVIS, SAUNDERS & MILLER LAW FIRM**
    450 North Causeway Blvd., Suite D
    Mandeville, Louisiana  70448

Telephone: (985) 612-3070
Facsimile:  (985) 612-3072
Jmiller@davissaunders.com

JAY A. PARKER
**MARKS & LEAR, PLC**
6513 Perkins Rd.
Baton Rouge, Louisiana 70808
(T) 225-383-5678 ext. 4
jay@markslearplc.com

CHARLES R. DIVOLI
**CHARLES R. DIVOLI, LLC**
6513 Perkins Road
Baton Rouge, Louisiana 70808

**Attorneys for Plaintiff,
Elmer Kellar**

**PLEASE ISSUE SUMMONS TO:**

Union Pacific Railroad Company
c/o CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816